UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRY C. RAMSEY,<br><br>           Petitioner,<br><br>    v.<br><br>KENNETH QUINN,<br><br>           Respondent. | Case No.  C07-5328FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 9, 2008 |

This matter has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4.   Petitioner is an individual seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from convictions for Third and First Degree Child Rape arising out of the Washington State Superior Court for Cowlitz County. Petitioner is currently serving a 160 month sentence at the McNeil Island Corrections Center.  After reviewing the Petition, Respondent's Answer, and the relevant state court record filed by Respondent, the undersigned  recommends that the Court deny the petition for writ of habeas corpus.

PROCEDURAL BACKGROUND

On July 6, 2007, Petitioner submitted his Petition for writ of habeas corpus, alleging one ground for relief – that the State Superior Court breached the plea agreement.  Petitioner argues he plead guilty to the above crimes to avoid trial and additional hardship on his family, but that "at sentencing the judge on his own and, as he stated, not based on any PSI or other input set the plea agreement aside and added an additional 40 months to the sentence."

Petitioner first challenged the validity of his sentence at the state level on October 28, 2005, when

REPORT AND RECOMMENDATION
Page - 1

he filed a Personal Restraint Petition with the Washington Court of Appeals. He presented only one ground for relief:

> The Petitioner's restraint is unlawful as a result of the Prosecutor's breach of the plea agreement, he was denied due process, in violation of the 14th Amendment of the U.S. Constitution, and the Washington State Constitution Article 1, sec 3, and the laws of the State of Washington.

The Washington Court of Appeals dismissed the petition as frivolous. The court wrote, "The prosecutor made the agreed recommendation [120 months], but did so conditionally because of Petitioner's apparent breach [Petitioner's letter to the Judge requesting SSOSA]. When it became clear Petitioner was not breaching the agreement, sentencing proceeded with the State's agreed recommendation, which the prosecutor had already provided in writing and orally. [Footnote omitted]. The court simply decided not to follow that recommendation [and sentenced Petitioner to 160 months, the high end of the range]."

On November 20, 2006, Petitioner filed a Motion for Discretionary Review with the Washington Supreme Court. He raised the following grounds in his supporting brief:

> A. ASSIGNMENT OF ERROR
>
> 1. The reviewing Court erred in allowing the plea-bargain to be undercut;
>
> 2. By not allowing the plea-bargain to stand the reviewing Court breached a contractual agreement;
>
> 3. Due process requires that a defendant's guilty plea be knowingly, voluntary and intelligent; and
>
> 4. No other stipulations or agreements were involved as an issue.

On January 29, 2007, the Washington Supreme Court denied Mr. Ramsey's petition. The Court ruled:

> Harry Ramsey pleaded guilty to first and third degree rape of child. As part of the plea agreement, the State agreed to recommend a low-end standard range sentence of 120 months if Mr. Ramsey did not seek a special sex offender sentencing alternative. Before sentencing, Mr. Ramsey evidently sent the superior court judge a letter requesting the sentencing alternative and complaining about his attorney. At sentencing, the prosecutor confirmed that she would recommend a sentence of 120 months if Mr. Ramsey did not ask for the sentencing alternative, but she asked the court whether it had received Mr. Ramsey's letter, expressing concern that the letter breached the plea agreement. The court said it had not seen the letter. Defense counsel did not present the letter, and neither did Mr. Ramsey during allocution. The court imposed a sentence of 160 months, as recommended by the presentence investigator.
>
> Mr. Ramsey challenged his sentence by personal restraint petition in Division Two of the Court of Appeals, arguing that the prosecutor breached the plea agreement by failing to adequately recommend a 120-month sentence. Finding the petition clearly meritless, the

REPORT AND RECOMMENDATION
Page - 2

> acting chief judge dismissed it. Mr. Ramsey now seeks this court's discretionary review. RAP 16.14(c).
>
> Mr. Ramsey asserts no basis for review. The prosecutor need only have made the agreed sentencing recommendation in good faith. *State v. Talley*, 134 Wn.2d 176, 183, 949 P.2d 358 (1998). She did so. She did not breach the plea agreement by referring to Mr. Ramsey's letter because by that letter Mr. Ramsey may have breached the agreement himself. And when it became clear that the court had not seen the letter and that Mr. Ramsey would not present it, the prosecutor need not have repeated her recommendation. She had already recommended a 120-month sentence both orally and in writing. Though the court ultimately imposed the sentence recommended by the presentence investigator, the prosecutor did not advocate for that sentence nor did she undercut the plea agreement by referring to the investigator's recommendation against the special sex offender sentencing alternative.
>
> The motion for discretionary review is denied.

See Petitioner's Answer and Supporting Documents (Exhibit 5, Ruling Denying Review, In re Ramsey, Washington Supreme Court Cause No. 79483-9).

## DISCUSSION

*A. EXHAUSTION AND PROCEDURAL BAR*

As a threshold issue the Court must determine whether or not petitioner has properly presented his federal habeas claims to the state courts. In order to satisfy the exhaustion requirement, petitioner's claims must have been **fairly presented to the state's highest court**. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985)(emphasis added). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Here, the court has compared the issue and arguments raised in the instant petition to the grounds raised and the legal argument Petitioner presented to the Washington State Supreme Court. The undersigned finds petitioner has not properly exhausted his claim for habeas relief.

Petitioner presented the claim of breach of plea agreement as a federal constitutional violation in the Washington Court of Appeals; he failed to do so in the Washington State Supreme Court. Petitioner never cited to any federal case law in his Motion for Discretionary Review. He made vague reference to "due process" in the motion, but that is insufficient. He had to present the claim as a violation of the specific federal constitutional provision. Vague references to broad constitutional principles such as due

REPORT AND RECOMMENDATION
Page - 3

process, equal protection and a fair trial do not satisfy the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 120 S. Ct. 815 (2000). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray, 518 U.S. at 163.

The United States Supreme Court has recognized that when a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their habeas corpus power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976). Rules that promote the prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal habeas court. Coleman v. Thompson, 501 U.S. 722 (1991). A habeas claim is barred from federal review where the petitioner has failed to exhaust state remedies and the state's highest court would now find the claim to be procedurally barred. Coleman, 111 S. Ct. at 2557 n.1.

Here, Petitioner would be procedurally barred from attempting to go back to state court to properly exhaust his federal claims. The claims would now barred by RCW 10.73.090 (one-year bar) and RCW 10.73.140 (successive petition bar).

Washington State has a one-year period of limitation to collaterally attach a conviction or sentence. RCW 10.73.090(1) states:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Petitioner's conviction and sentence were finalized when the state appellate court issued its mandate on or about January 27, 2007. Petitioner does not set forth any argument that the state's one year limitation period would not apply. Similarly, Petitioner would be barred from filing another petition in state court by RCW 10.73.140, which bars petitioners from filing multiple collateral challenges. Thus, if petitioner attempted to return to the state court at this time to properly exhaust his claims, either the one-year time

REPORT AND RECOMMENDATION
Page - 4

1   limit or the rule against filing multiple or successive petitions would be applied.

2   <u>Federal habeas review is barred in this case unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.</u> *See* <u>Coleman</u>, 111 S. Ct. 2546, 2565 (1991) (emphasis added).

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. <u>Id</u>. at 266 (*citing* <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). "Prejudice" exists if the alleged errors were of constitutional dimensions and worked to the defendant's "actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Alternatively, in an "extraordinary case" the habeas court may grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show that his conviction is the result of a constitutional violation and that he is actually innocent. <u>Murray</u>, 477 U.S. at 495-96.

The above standards were explained in respondent's Answer to the petition, however, petitioner has not made in his petition, or in any response to the Answer, any argument that the procedural bar doctrine should not be applied to the case. Petitioner has failed to show the required cause for his procedural default at the state level or any actual prejudice, which exists when a petitioner suffers "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Furthermore, Petitioner has not demonstrated that this is an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, " which would allow the court to review his unexhausted federal habeas claims. <u>Murray v. Carrier</u>, 477 U.S. at 496.

## CONCLUSION

Because Petitioner has failed to fully and fairly present of his federal claims for habeas relief at the

REPORT AND RECOMMENDATION
Page - 5

state level, he has failed to exhaust those claims, and he is now procedurally barred from attempting to exhaust those claims.   Accordingly, the Petition should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 9, 2008**, as noted in the caption.

Dated this 15th day of April, 2008.

                                                       /s/   *J. Kelley Arnold*
                                                       J. Kelley Arnold
                                                       United States Magistrate Judge